per curiam:
En el presente recurso se nos solicita la re-vocación de una Sentencia emitida por el Tribunal de Apelaciones. De acuerdo con este dictamen, el foro apela-tivo intermedio revocó varias resoluciones de la Comisión Apelativa del Sistema de Administración de Recursos Hu-manos del Servicio Público (CASARH), mediante la cual determinó que su ley habilitadora no le había otorgado ju-risdicción apelativa para evaluar las medidas disciplina-rias impuestas a los Oficiales de Custodia porque incurrie-ron en múltiples violaciones a los reglamentos de la Administración de Corrección.
El Tribunal de Apelaciones concluyó que la CASARH es el organismo con jurisdicción apelativa exclusiva para en-tender en las apelaciones interpuestas por los Oficiales de Custodia ya que la Comisión de Investigación, Procesa-miento y Apelación (CIPA) sólo tendrá jurisdicción para adjudicar casos relacionados con el mal uso o abuso de au-toridad de los funcionarios del Poder Ejecutivo autorizados para intervenir con la ciudadanía. A continuación, expon-dremos los hechos que originaron la presente controversia.
I
Luego de que alrededor de treinta Oficiales de Custodia de la Administración de Corrección presentaran recursos de revisión en el Tribunal de Apelaciones para impugnar la determinación de la CASARH, relativa a la falta de juris-dicción sobre la materia para evaluar y adjudicar las me-didas disciplinarias que les impusieron, el foro apelativo intermedio procedió a consolidar los recursos.(1)
*1042 El foro apelativo intermedio descartó el argumento es-grimido por el Procurador General de que es la CIPA la agencia administrativa con jurisdicción apelativa exclu-siva para adjudicar las reclamaciones de los Oficiales de Custodia de la Administración de Corrección. El Procura-dor General argüyó que de acuerdo con el estatuto habili-tador de la CIPA ésta posee jurisdicción apelativa para ad-judicar las reclamaciones de los Oficiales de Custodia puesto que la Administración de Corrección es una agencia con reglamentación similar a la aprobada por la Policía de Puerto Rico.
No obstante, el Tribunal de Apelaciones resolvió que la CIPA sólo tiene jurisdicción apelativa en aquellos casos re-lacionados con el mal uso o abuso de autoridad de los fun-cionarios del Poder Ejecutivo autorizados para intervenir con la ciudadanía, categoría que no incluye a los Oficiales de Custodia de la Administración de Corrección. Tras esta conclusión y sin discutir las medidas disciplinarias im-puestas a los Oficiales de Custodia, el Tribunal de Apela-ciones concluyó que la CASARH es el ente administrativo con jurisdicción para adjudicar los méritos de las reclama-ciones de los Oficiales de Custodia.
Inconformes con tal determinación, la CIPA y la CA-SARH presentaron ante nos un recurso de Certiorari argu-yendo que el Tribunal de Apelaciones erró al resolver que la CASARH es el foro con jurisdicción apelativa para eva-luar las medidas disciplinarias impuestas a los Oficiales de Custodia de la Administración de Corrección como resul-tado de las múltiples violaciones a los reglamentos que los regulan.
Pasemos a resolver la controversia ante nos sin ulterior trámite.
*1043 II
Hace apenas cuatro meses resolvimos la presente con-troversia en González y otros v. Adm. de Corrección, 175 D.P.R. 598 (2009). En tal ocasión, analizamos las leyes ha-bilitadoras de la CIPA y la CASARH así como la reglamen-tación de la Administración de Corrección y la Policía de Puerto Rico para determinar cuál de las dos agencias fue investida por la Legislatura para evaluar las medidas dis-ciplinarias impuestas a los Oficiales de Custodia de la Ad-ministración de Corrección.
En primer lugar, concluimos que para propósitos de la jurisdicción apelativa exclusiva de la CIPA, la reglamenta-ción de la Administración de Corrección que rige a los Ofi-ciales de Custodia es similar al Reglamento de la Policía de Puerto Rico. Además, destacamos el hecho de que los ofi-ciales de custodia constituyen un cuerpo policial adicional con el propósito de proveer seguridad en un sector que re-quiere vigilancia particularizada. (2)
De acuerdo con lo anterior, y tras analizar los estatutos aplicables, concluimos que es la CIPA y no la CASARH la agencia que posee jurisdicción exclusiva para adjudicar los méritos de las apelaciones interpuestas por los Oficiales de Custodia de la Administración de Corrección. Ahora bien, tal jurisdicción se ejercerá en dos instancias, a saber: (1) cuando se les impute haber incurrido en la comisión de faltas leves o graves plasmadas en los reglamentos de dicha agencia, y (2) en aquellos casos en que se les haya imputado mal uso o abuso de autoridad. De otro lado, en las áreas relacionadas con el principio de mérito resolvimos que la CASARH es el organismo administrativo con jurisdicción apelativa para atenderlos.
Veamos entonces cuál de las dos agencias en el presente *1044 caso tiene jurisdicción apelativa para entender en las ape-laciones interpuestas por los oficiales de custodia.
III
La CIPA y la CASARH arguyen que las medidas im-puestas a los Oficiales de Custodia recurridos versan sobre las conductas siguientes: (1) negligencia crasa relacionada a la prevención de la pérdida o hurto del arma de fuego reglamentaria; (2) dejar el arma de reglamento en un lugar accesible en su residencia, la cual posteriormente fue hur-tada y utilizada en un asesinato; (3) asistir a un negocio de bebidas alcohólicas con su arma de reglamento; (4) que-darse dormido durante horas laborables; (5) no intervenir en un incidente de agresión contra una confinada; (6) abandonar el puesto por estar observando un juego de pe-lota por televisión durante horas laborables; (7) abandonar el puesto sin haber sido relevado; (8) agredir a una confi-nada mediante el empleo excesivo de fuerza; (9) insubordi-nación; (10) incurrir en conducta violenta y agresiva contra su esposa; (11) incurrir en conducta constitutiva de hosti-gamiento sexual.
Es ineludible concluir que las conductas antes descritas constituyen abuso de autoridad o faltas —leves o graves— al Reglamento de Oficiales de Custodia, al Reglamento de Personal de la Administración de Corrección y al Manual para la Aplicación de Medidas Correctivas y Disciplinarias a los Empleados de la Administración de Corrección. A su vez, surge diáfanamente que tales conductas inciden direc-tamente sobre el orden y la seguridad de las instituciones penales y de la ciudadanía en general. Por lo tanto, el foro con jurisdicción para evaluar las medidas disciplinarias impuestas a los Oficiales de Custodia que incurrieron en tales conductas es la CIPA y no la CASARH.
Ahora bien, debemos señalar que la CASARH tendrá jurisdicción apelativa para entender en casos relacio- *1045 nados con la destitución de los Oficiales de Custodia por violación a las normas de asistencia y recursos humanos de la Administración de Corrección. Evidentemente, la CA-SARH es la agencia con jurisdicción apelativa para evaluar las medidas disciplinarias impuestas a los Oficiales de Custodia que hayan incurrido en ausentismo no autorizado. Ello es así, puesto que el ausentismo no auto-rizado es una de las áreas relacionadas al principio de mérito.
Para que cada oficial sancionado tenga derecho a ser oído ante la CIPA, y dado que la Administración de Correc-ción les informó equivocadamente de su derecho a apelar la determinación administrativa ante CASARH, resolvemos que según con lo pautado en Carabarín et al. v. A.R.P.E., 132 D.P.R. 938, 958-959 (1993), todos los Oficiales de Cus-todia en el presente caso tendrán derecho a presentar la apelación correspondiente ante la CIPA para que ésta, de acuerdo con el conocimiento especializado que posee, la evalúe.
Asimismo, aquellos Oficiales de Custodia que fueron sancionados por la Administración de Corrección por que se alega incurrieron en ausentismo no autorizado, tienen derecho a presentar el recurso de apelación ante la CA-SARH para que ésta adjudique su reclamación.
Por los fundamentos antes expuestos, revocamos en su totalidad la Sentencia del Tribunal de Apelaciones. Los re-curridos Oficiales de Custodia tendrán el mismo término concedido por ley para recurrir a la CIPA como foro admi-nistrativo con jurisdicción a partir de la notificación a las partes de la presente sentencia. Por otro lado, los Oficiales de Custodia que fueron sancionados porque se alega incu-rrieron en ausentismo injustificado, tendrán el mismo tér-mino concedido por ley para recurrir a la CASARH como foro administrativo con jurisdicción a partir de la notifica-ción a las partes de la presente sentencia.

 Los recursos que fueron consolidados son los siguientes: KLRA200700312, KLRA200700451, KLRA200700661 y KLRA200700709. Los Oficiales de Custodia que presentaron un recurso de revisión judicial ante el foro apelativo intermedio son: Gerardo Pérez Ramos, José Torres Román, Jesús Texidor Santi, Lupicinio Echeva-rría Suárez, Wilberto Aponte Torres, Javier Ramos Rivera, Edwin Santiago Arocho, Edwin Feliciano Sambolín, Pedro Robles Quirós, Luis M. Aviles Fred, Eddie Cordero Varela, Osvaldo Anaya Cortijo, Carlos Crespo Cruz, Damián Andino Rosado, Raymundo Torres Martínez, Jerónimo Santiago Díaz, Norberto Martí Malavé, Rafael *1042 Maldonado Ruiz, Hiram Peña Roldán, Edwin Rodríguez Cintrón, Geraldo Hernán-dez Feliciano, Carlos Rodríguez Jiménez, Rafael Cruz Tapia, Pablo Cedeño Aponte, Eloiset Maldonado Ortiz, Rolando Velázquez Matos, Rubén Rosa Concepción y En-vida Rivera Torres.

 Pueblo v. Andino Tosas, 141 D.P.R. 652, 657 (1996).